UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COLLIN LEONG,<br><br>Defendant. | Case No. 15-cr-00127-WHO-1<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE**<br><br>Re: Dkt. Nos. 297, 302, 303, 305, 306, 307 |

The government's conduct in this case is incomprehensible.

I set a **deadline** for all discovery known to the government to be provided by **October 29, 2015**.[1] At a hearing on December 10, 2015, government counsel conceded that two categories of discovery remained incomplete – providing an opportunity for a review of the physical evidence and producing the CURES data for defendant Tammy Adams that was part of a request made **in December *2013***. I required that the government furnish the material requested by Ms. Adams by **December 14, 2015**, which government counsel agreed to do. **He did not**. Based on the government's plain failure to comply with its discovery obligations and my instructions, Ms. Adams filed a motion to exclude evidence on December 22, 2015, the grant of which would appear to severely damage if not eviscerate the government's case. **The government did not respond**. Numerous joinders were filed. **The government made no filing whatsoever in response**. Yet at the hearing on January 14, 2016, the government requested that I modify the relief sought in the motion. I allowed the government to explain by noon the next day (today) in writing why it thought that any modification was appropriate.

---

[1] I am not in the habit of bolding portions of my Orders. In the hopes of highlighting important dates and concepts for government counsel and his superiors, I thought it would be useful here.

The government says that "it acknowledges the errors with respect to discovery" and refers to "the understandable frustration expressed by the Court." Dkt. No. 312 at 5-6. That is an understatement. When a prosecutor is preparing a case for trial or makes a representation to the Court, he or she is doing so on behalf of the United States of America, with the obligation to be unstintingly honest and cognizant of how his or her conduct is advancing the interests of justice. The conduct of government counsel described above falls so far below an acceptable standard that I lack the words to describe it.

The government today filed a response to the motion to exclude. In it, the government promises to provide within seven days (by **January 22, 2016**):

1. Photographs of a pharmacy video of defendant Angelo Hawk;
2. The entire CURES database in unredacted form;
3. All reports by law enforcement of statements that were made at the time of arrest by any defendants;
4. Collin Leong's statements to law enforcement during his debriefing;
5. Collin Leong's statements during recorded conversations with the undercover agent, except for conversations that implicate the identity of the confidential informant;[2]
6. Copies of the patient files for the defendants and other Leong patients; and
7. All the prescriptions and other documents related to this case.

The government promises to provide this information using its new cloud-based system, which is used for distributing sensitive discovery information. And it agrees that it will be prohibited from using any additional Rule 16 evidence that it does not disclose by its new self-imposed deadline. I **ORDER** that the government comply with the promises set forth above. I note that the government's promises appear to match the "alternative" remedy suggested by Ms. Adams in her motion. Dkt. No. 297 at 13-14.

---

[2] The government offers no reason other than "its interest in maintaining the confidentiality of its informants" to withhold this information. Trial is set for April 4, 2016, and the government has not articulated any witness safety concerns in this case. If there is good reason to withhold the identity of this witness, the government shall file a motion to do so by January 21, 2016; defense counsel may oppose by January 28, 2016. No reply will be needed or accepted, and the hearing will be on February 4, 2016.

2

1    But requiring the government to do what it should have done months ago seems an
2 insufficient sanction for its **egregious** failure to meet its discovery obligations.  The defendants
3 seek to exclude much of the evidence the government will now be turning over.  It is a certainty
4 that tens of thousands of dollars in CJA funds have been wasted by the government's conduct thus
5 far.  The government argues that no one is prejudiced by its **inexcusable** delay, since it has already
6 provided most of the documents and there are still almost three months until trial.  It is not arguing
7 from a position of strength.

8    For the moment, I will not impose additional sanctions.  Any defendant who wishes to
9 respond to the government's filing today may do so by January 29, 2016, and I will consider
10 whether any further order on this matter is appropriate.

11    **IT IS SO ORDERED**.

12 Dated: January 15, 2016



WILLIAM H. ORRICK
United States District Judge

3