UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>COLLIN LEONG,<br>    Defendant. | Case No. 15-cr-00127-WHO-1<br><br>**ORDER ON DISCOVERY MOTIONS AND MOTIONS TO SEVER**<br><br>Re: Dkt. Nos. 329, 330, 331, 335, 336, 337, 338, 342, 345 |

Sixteen of the defendants in the nineteen count, bare bones Superseding Indictment in this case are charged with conspiring with co-defendant Collin Leong to possess with intent to distribute oxycodone and hydrocodone, controlled substances, in violation of 18 U.S.C.§§ 846, 841(a)(1) and (b)(1)(C). Seven separate conspiracies are asserted. The government also alleges that certain defendants engaged in health care fraud in violation of 18 U.S.C. §1347 and that defendant Mabel Leong, who is not charged in any of the above-described drug conspiracies, conspired with her husband Collin Leong to launder money in violation of 18 U.S.C. §1956(h).

Seven of the defendants have moved to sever their cases from the rest. The government concedes that the money laundering count should be severed, and so Mabel Leong's motion to sever (Dkt. No.329) is GRANTED. Another of the seven, Frankie Miller, claims to be a victim of mistaken identity, and seeks discovery and a bill of particulars to establish his defense. I heard argument on February 25, 2016, and now rule on the pending motions.

I.     FRANKIE MILLER'S DISCOVERY MOTIONS

While the Superseding Indictment says little about what Frankie Miller is alleged to have done in this case, the Criminal Complaint filed on November 18, 2013, is quite extensive. *See United States v. Frankie Miller*, Case No. 13-mj-71441. It provides considerable detail

concerning the history of the government's investigation of Collin Leong, Miller's connection to Leong, and other defendants' connections to Leong. Miller asserts, however, that he is not the person who did the acts described, citing Collin Leong's alleged lack of knowledge of Miller, Leong's misidentification of the name of Miller's father (Nick, not Jimmy) and street address, and Miller's lack of familial relationship with the other Miller defendants. In light of these discrepancies, Miller seeks a bill of particulars and immediate disclosure of all exculpatory and inculpatory evidence pertaining to Frankie Miller, including all impeachment material supporting the misidentifications, mistakes and all previous statements by Collin Leong, in addition to specified categories of documents.

A bill of particulars is not warranted in this case, and Miller's motion (Dkt. No. 336) is DENIED. The information provided in the Criminal Complaint is more than sufficient to inform Miller of the nature of the charge against him to enable him to prepare his defense, even assuming the Superseding Indictment was insufficient to do so. *See United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).

In response to Miller's motion for discovery, the government acknowledged its responsibility to provide exculpatory materials and agreed to investigate whether agents had any notes from interviews and to provide anything exculpatory contained within them. The government is ORDERED to provide any *Brady, Giglio* and *Kyles* material no later than March 3, 2016. It has a continuing obligation to do so. Also, at the hearing I ORDERED that it produce by February 25, 2016, any communications between government counsel and Collin Leong's counsel concerning the misidentification of Miller, given the representation of government counsel that no such communication exists in the face of Miller's counsel's continued skepticism. Finally, I will ORDER that if the government intends to use any reports or other documents as exhibits that were prepared by referencing the notes of any agents, it shall produce those notes prior to the Pre-trial Conference on March 18, 2016. This discovery is sufficient for Miller to prepare his defense of mistaken identity.

II.   MOTIONS FOR SEVERANCE

Defendants' motions for severance advance three concerns: misjoinder; the prejudicial

effect of trying so many defendants who are involved in separate conspiracies at the same time; and, *Bruton* concerns arising from Collin Leong's statements to the government. On the last issue, the government represented at the hearing that either Dr. Leong will testify or that it will not use his statements inculpating the defendants, which resolves any *Bruton* issue with respect to severance.

The defendants urge that Federal Rule of Criminal Procedure 8 requires that I evaluate joinder solely based on the Superseding Indictment, excluding consideration of the underlying Criminal Complaints filed against each of them and other information developed during development of the case to this point. Rule 8 allows joinder if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

The Superseding Indictment alleges separate drug conspiracies and uses virtually identical language to describe each conspiracy. I agree with the defendants that it is poorly drafted, and that it could have easily been more explicit regarding Collin Leong's scheme. But given the identical language for the conspiracies alleged, and Dr. Leong's involvement in each conspiracy, it is clear that the conspiracies are of similar character, connected with parts of a common scheme or plan of Dr. Leong. The government's contention is that Leong sold each of the defendants prescriptions for narcotics for cash, with no medical justification. Each defendant is charged with a Section 846 drug conspiracy. Leong and the sales of his prescriptions are common factors. As the government describes its case, there is a common plan with overlapping proof at trial. Joinder is appropriate. *United States v. Roselli*, 432 F.2d 879, 899 (9th Cir. 1970) (goals of Rule 8 served "by permitting initial joinder of charges against multiple defendants whenever the common activity constitutes a substantial portion of the proof of the joined charges."); *see also United States v. Patterson*, 455 F.2d 264, 265 (9th Cir. 1972) ("The same *modus operandi* was alleged to have been used by each defendant, and Mortillaro was alleged to have been a key participant in each scheme and was a defendant in every count of the indictment.").

Given the common elements in the case, it would be more efficient to try the defendants together. To hold seven trials for the seven conspiracies would be a burden. But the question is

3

whether it is unduly prejudicial to fail to do so.

Defendants argue that the jury will have a hard time differentiating between them given the separate conspiracies, the numbers of defendants, the varied nature of their roles and the evidence against them, and possibility that they will be tainted by the evidence against other defendants whose roles were far more significant than theirs. Recognizing that there may be some prejudice inherent in a joint trial, I do not foresee any undue prejudice occurring here as a result of a joint trial. This case will be relatively short-- approximately two weeks -- and the scheme alleged is not complex. The jury should be able to readily understand it. If the government does not have sufficient proof regarding the identity of a defendant (like Frankie Miller), or has scant proof of prescription purchases (like with Ralph Kenny), it will be simple for the defense to draw the contrast with the proof concerning other defendants at trial. Limiting instructions regularly given will remind the jurors that the burden of proof applies to each defendant separately, and that the verdict as to one defendant should not control the verdict as to any other defendant. That should cure any potential spillover effect of the evidence. I foresee real benefits to a joint trial and no undue prejudice to the defendants.

That said, I have the trial management problem of trying fourteen defendants at once (to date, three defendants have pleaded guilty, and Ms. Leong is severed). I do not see how, logistically, I can try the remaining defendants at once. At the Pre-trial Conference on March 18, 2016,[1] the government shall propose how (and where) the April 4, 2016 trial would proceed with so many defendants, and the defendants may make their own suggestions with respect to grouping or any other procedure. By that date, we should also know whether any other defendants intend to

---

[1] The parties are reminded that the Court has filed an Amended Criminal Pre-trial Order (Dkt. No. 366), changing the date of the Pre-trial Conference to March 18, 2016. Other dates associated with the Pre-trial Conference, such as the dates to file motions in limine, exchange exhibits and the like, are adjusted accordingly in that Order.

4

change their pleas.

**IT IS SO ORDERED**.

Dated: February 29, 2016



WILLIAM H. ORRICK
United States District Judge

5